

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. B. T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. 0-4127
Re: Commissioners' Court has no
authority to employ case workers
and has no authority to purchase
equipment and supplies for case
workers. Amendment of Budget.

Your request for opinion has been received and care-
fully considered by this Department. We quote from your request
as follows:

"Does the Commissioners' Court of Smith County, Texas,
have the authority to employ additional case workers in the
State and County Public Welfare Unit and to purchase equip-
ment and supplies for such case workers, and to pay rent on
new office space for the Old Age Assistance Department, since
no provision was made for these expenses when the Budget was
adopted?

"If some savings have been made in salaries as set up
for the Welfare Unit in the 1941 Budget, could these savings
be used during the remaining part of 1941 to meet the expenses
of additional case workers?

"On August 11, 1941, Smith County entered into an
agreement with the State Department of Public Welfare, a
copy of which is attached hereto. This agreement makes no
mention of additional case workers or equipment and supplies
for them. The budget for Smith County for the year 1942
was not adopted until Sept. 22, 1941. This would have placed
before the Commissioners' Court the agreement and the letter
of "Understanding" from the Welfare Department, (Copy attached)
before they adopted the budget for 1942. If such items can be
added to the budget at will, then it seems but little budget
control really exists."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. B. T. Walters, page 2

Under the holding of opinion No. O-3962 (Limited Conference) of this Department, a copy of which is enclosed herewith, it is our opinion that the commissioners' court has no authority to employ the case workers described in your letter and has no authority to purchase equipment or supplies for such case workers. Since the commissioners' court has no authority to pay out county funds for such items it becomes immaterial as to whether or not such items were or were not included in the original budget.

Section 1 of Article 2372e-2, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The County Commissioners Courts and the City Commission of any incorporated town or city of this State are hereby authorized to lease, rent, or provide office space for the purpose of aiding and cooperating with the agencies of the State and Federal Governments engaged in the administration of relief to the unemployed or needy people of the State of Texas, and to pay the regular monthly utility bills for such offices, such as lights, gas, and water; and when in the opinion of a majority of a Commissioners Court of a county such office space is essential to the proper administration of such agencies of either the State or Federal Governments, said Court is hereby specifically authorized to pay for same and for the regular monthly utility bills for such offices out of the County's General Fund by warrants as in the payment of such other obligations of the county."

The above quoted article clearly authorizes the commissioners' court to expend county funds for the rental of office space for the Old Age Assistance Commission. The amount of office space and amount of rental to be paid therefor are clearly matters to be determined by the commissioners' court in their sound discretion.

We quote from Article 689a-11, Vernon's Annotated Texas Civil Statutes, as follows:

". . . When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and

unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. . . ."

As to what constitutes "grave public necessity" as that term is used in Article 689a-11, supra, depends upon the facts in each case and is a question primarily to be passed on by the commissioners' court. See opinion No. O-1053 of this Department.

Opinion No. O-1022 of this Department holds that the commissioners' court may legally employ a county home demonstration agent and pay her a salary for the remaining five months of 1939, even though no provision was made for the employment of such agent, nor were there any funds set aside for the purpose in the county budget for the year 1939, if the same was a case of "grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention have been included in the original budget," and that the determination of this fact issue was for the commissioners' court.

The answer to your question as to whether the commissioners' court has authority to expend county funds for additional office space and rental for the Old Age Assistance Commission will depend upon whether or not same is a case of "grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention have been included in the original budget." It is the province of the commissioners' court to determine this fact question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED DEC 5, 1940

WJF:AMW

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN